Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff*
and the Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NGO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LAW ENFORCEMENT FOR A SAFER AMERICA PAC, a Washington, D.C. Political Action Committee,<br><br>    Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1.     Plaintiff ROBERT NGO ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant LAW ENFORCEMENT FOR A SAFER AMERICA PAC, a Washington, D.C. Political Action Committee, ("Defendant") to stop their illegal practice of making unauthorized calls using an artificial or prerecorded voice and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and Defendant, and, as to all other matters, upon information and belief, including investigation conducted by its attorney.

//

//

//

COMPLAINT                                                1

**NATURE OF THE ACTION**

2. Defendant is a political action committee that purportedly raises money to support legislation that protects law enforcement professionals across the United States. As a part of their sales efforts, Defendant called thousands of phones using an artificial or prerecorded voice message.

3. Defendant had not requested nor obtained consent prior to placing these calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these robocalls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. Despite such strong legislation passed over 30 years ago, the same problem persists.

6. By placing these illegal calls, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendant to stop calling people with an artificial or prerecorded voice without permission, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

8. Plaintiff ROBERT NGO is a natural person and is a resident of Hayward, California.

9. Defendant Law Enforcement for a Safer America PAC is a political action committee organized and existing under the laws of the District of Columbia with its principal place of business at 1032 15th St NW, Washington DC 20005.

## DIVISIONAL ASSIGNMENT

10. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this action should be assigned under Civil L.R. 3-2(c) and (d) to the San Francisco / Oakland division because the action arose in Alameda County, California.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12. This Court has personal specific jurisdiction over Defendant because Defendant targeted California donors with their illegal calls, including to Plaintiff, who resides in this district. Defendant's marketing towards residents of California is the subject of this dispute from which this lawsuit arises.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct giving rise to this case, violating telephone calls received, substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

14. Defendant is a political action committee or "Super PAC" whose stated aim is to support police officers across the country.

15. Defendant used an artificial or prerecorded voice message to call Plaintiff and members of the Class.

16. Defendant did not possess consent from Plaintiff and the Class as would have been required prior to calling phone numbers using an artificial or prerecorded voice message.

## FACTS SPECIFIC TO PLAINTIFF

17. On or about July 31, 2023, Plaintiff received one telephone call from Defendant on Plaintiff's cell phone ending in 7020. Plaintiff answered the call and heard an automated voice message stating it was from the National Coalition for Police & Troopers. The automated message asked Plaintiff

for a donation to the organization. Plaintiff pledged a donation under $100.00 and used the alias, Robert Hernandez.

18. Subsequently, Plaintiff received a letter in the mail from Defendant that said, "Dear Robert Hernandez Thank you for your 7/31/23 pledge of $100.00. Your pledge has not been received." The letter said on the back, "paid for by the Law Enforcement for a Safer America PAC www.leogorasaferamerica.org and is not authorized by any candidate or candidate's committee.

19. Plaintiff then went to the website www.leogorasaferamerica.org and learned that the National Coalition for Police & Troopers is considered a "special program" of Defendant Law Enforcement for a Safer America PAC.

20. Defendant and National Coalition for Police & Troopers are one and the same.

21. After July 31, 2023, Plaintiff continued to receive calls that played an artificial or prerecorded voice message on his cellular phone from Defendant.

22. Plaintiff asked Defendant to stop calling Plaintiff and asked Defendant to remove Plaintiff from Defendant's calling list.

23. However, Plaintiff continued to receive calls from various phone numbers using prerecorded or artificial voices on Plaintiff's cellular telephone, including but not limited to the following dates:

    October 11, 2023 at 3:29 PM from (916) 354-5322
    October 11, 2023 at 12:48 PM from (408) 290-8040
    October 11, 2023, at 10:57 AM from (707) 207-8867
    October 10, 2023, at 4:00 PM from (559) 466- 9255
    October 10, 2023 at 12:38 PM from (321) 291-2965
    October 10, 2023 at 12:37 PM from (341) 207-5974
    October 10, 2023 at 12:31 PM from (341) 207-5974
    October 10, 2023 at 10:46 PM from (321) 291-2965
    October 10, 2023 at 8:33 AM from (707) 355-3225
    October 9, 2023 at 2:29 PM from (530) 656-4395
    October 9, 2023 at 9:05 AM and 9:35 AM from (831) 469-8334
    October 9, 2023 at 8:34 AM and 8:33 AM from (925) 725-5503
    October 8, 2023 at 9:51 AM from (530) 656-4480

October 8, 2023 at 9:14 AM from (830) 208-1251
October 8, 2023 at 9:11 AM from (830) 208-1251
October 4, 2023 at 9:41 AM from (970) 713-2241
October 4, 2023 at 2:47 PM from (760) 487-9279
October 4, 2023 at 4:41 PM from (408) 594-8982
October 4, 2023 at 1:39 PM from (805) 327-1361
October 4, 2023 at 7:46 PM from (510) 479-5017
 October 4, 2023, at 7:37 PM from (510) 479-5017
October 4, 2023 at 9:17 AM from (510) 479-5017
October 4, 2023 at 11:33 AM from (510) 358-0798

24. Plaintiff never consented to receive telephone calls from Defendant. Plaintiff had no relationship with Defendant and had never requested that Defendant contact Plaintiff in any manner.

25. Defendant's calls violated Plaintiff's statutory rights and caused actual and statutory damages.

26. In addition to causing statutory damages, the illegal calls caused annoyance, intrusion on privacy and seclusion and wasted cell phone batter life and time to Plaintiff.

## CLASS ALLEGATIONS

27. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and a class and subclass defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to the filing of this complaint (2) received at least one telephone call on behalf of Defendant; (3) that used an artificial or prerecorded voice.

28. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

29.     **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of people who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

30.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

31.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

32.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

33.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect

individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    i.      Whether Defendant's conduct violated the TCPA;

    ii.     Whether Defendant's conduct violated the TCPA *willingly* and/or *knowingly*;

    iii.    Whether Defendant possessed express written consent prior to contacting Plaintiff and the members of the Class;

    iv.    Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendant's conduct.

34.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
Violation of 47 U.S.C. § 227(b)
Telephone Consumer Protection Act
(On behalf of Plaintiff and the Class)

35.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. Defendant called Plaintiff's and the Class members' telephones using an artificial or prerecorded voice message.

37. Defendant did not have consent to make such phone calls.

38. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy.

39. Plaintiff incurred actual damages in the form of annoyance, wasted time, and wasted cell phone battery.

40. Plaintiff and the class seek statutory damages.

## SECOND CAUSE OF ACTION
Unlawful Prong of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200
(on behalf of Plaintiff and the Class)

41. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42. The unlawful prong of California Business and Professions Code §17200 prohibits any unlawful business practice.

43. Each of Defendant's violations of 47 U.S.C. § 227(b) vis a vis Plaintiff as described herein all constitute separate and cumulative violations of unlawful prong of §17200.

44. Plaintiff has incurred actual damages in the form of annoyance, wasted time, and wasted cell phone battery.

45. Plaintiff is authorized to pursue a private right of action against Defendant under §17204.

46. Plaintiff is entitled to injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ROBERT NGO, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA *willfully* and *knowingly*;

D. An order declaring that Defendant's actions, as set out above, violate the unlawful prong of Cal. Cal. Bus. & Prof. Code §17200;

E. An injunction requiring Defendant to cease all unlawful telephone calls without first obtaining the recipient's express written consent, and otherwise protecting interests of the Class;

F. An award of statutory damages;

G. An award of attorney's fees and costs pursuant to Cal. Civ. Proc. Code §1021.5; and

H. Such other and further relief that the Court deems reasonable and just.

Dated: December 6, 2023                    Respectfully submitted,
                                           JAVITCH LAW OFFICE

                                           By: /s/ Mark L. Javitch
                                           Mark L. Javitch (California SBN 323729)
                                           3 East 3rd Ave. Ste. 200
                                           San Mateo CA 94401
                                           Tel: (650) 781-8000
                                           Fax: (650) 648-0705
                                           Email: mark@javitchlawoffice.com

                                           Attorney for Plaintiff
                                           *and the Putative Class*

COMPLAINT                                  9