Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
And those similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NGO, individually, and on behalf of all those similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>LAW ENFORCEMENT FOR A SAFER AMERICA PAC,<br><br>   Defendant. | Case No.: 3:23-CV-06316-SK<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**<br><br>**Hearing Date: April 29, 2024**<br>**Time: 9:30 a.m.** |

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

PLAINTIFF HEREBY PROVIDES NOTICE that on April 29, 2024, in Courtroom C on the 15th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave, San Francisco, California, 94102, at 9:30 a.m., or as soon thereafter as the matter may be heard, pursuant to Fed. R. Civ. P. 55(b) and L.R. 7-1, Plaintiff ROBERT NGO will and hereby does move the Court for Default Judgment to be entered in the amount of $13,000.00 against Defendant LAW ENFORCEMENT FOR A SAFER AMERICA PAC.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the declaration of Plaintiff ROBERT NGO, ("Ngo Decl.") and at the Court's discretion, oral argument.

Date: March 22, 2024         By:    /s/ Mark L. Javitch
                                    Mark L. Javitch

                                    *Attorney for Plaintiff*

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Court should enter default judgment in favor of Plaintiff and against Defendant.

2. The amount of damages to be awarded.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. <u>**INTRODUCTION**</u>

This case challenges Defendant LAW ENFORCEMENT FOR A SAFER AMERICA PAC's (also known as National Coalition of Police & Troopers) ("Defendant") violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA" or "Act")—specifically, its prohibition against Defendant's practice of placing phone calls that use an artificial or prerecorded voice. Plaintiff received nearly a hundred unsolicited phone calls with a prerecorded voice and was able to document the dates and times of twenty-six (26) of them.

This case arises in the context of investigations and complaints about Defendant, where it is alleged that it operates a scam soliciting "donations" to advocate for first responders. Little support actually goes to the proffered cause. *See* Ellis, Blake. *Donations have surged to a 'scam' political group that claims to help police officers*. CNN.com, October 16, 2020.[1] ("Around 200 consumer complaints have also been made to state and federal regulators about the super PAC, its aliases and related groups. Law Enforcement for a Safer America officials did not return repeated requests for comment.")

Plaintiff Robert Ngo ("Ngo" or "Plaintiff") filed his Complaint on December 6, 2023. Dkt. 1. The Complaint was served on December 8, 2023. Dkt. 9. The Clerk's default was entered against Defendant on February 23, 2024. Dkt. 12. To this date, Defendant has still failed to appear, answer, or otherwise respond to the Complaint. As a result of their refusal to appear in this litigation, this Court should enter default judgment. The Complaint's well-pleaded allegations detail violations of the TCPA that are now undisputed.

---

[1] https://www.cnn.com/2020/10/16/us/police-super-pac-political-group-invs/index.html (last accessed March 21, 2024).

NOTICE OF MOTION AND
MOTION FOR DEFAULT JUDGMENT                    1                              3:23-CV-06316-SK

Each of the *Eitel* factors—which the Ninth Circuit requires district courts to analyze prior to the entry of default judgment—weighs in favor of default. First, absent a default judgment, Plaintiff would suffer substantial prejudice because he would lack any practical remedy. Second, Plaintiff's well-pleaded allegations state a claim for a violation of the TCPA. Third, the sum of money at stake is reasonable given that Plaintiff seeks statutory damages. Fourth, no dispute of material facts exists because Defendant has failed to answer or otherwise respond. Fifth, Defendant has received ample notice of this lawsuit and its default was not the product of excusable neglect. Sixth, a decision on the merits, while favored, is simply not possible given Defendant's wholesale refusal to participate in the litigation. In short, the Court should enter default judgment against Defendant in favor of Plaintiff.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about July 31, 2023, Plaintiff received a call on Plaintiff's cell phone ending in 7020. *See* Ngo Decl. 4. Plaintiff answered the call and heard a prerecorded voice message stating it was from the National Coalition for Police & Troopers. Ngo. *Id*. The automated message asked Plaintiff for a donation to the organization. Plaintiff pledged a donation under $100.00 and used the alias, Robert Hernandez. *Id*.

Subsequently, Plaintiff received a letter in the mail that said, "Dear Robert Hernandez Thank you for your 7/31/23 pledge of $100.00. Your pledge has not been received." *Id*. at ¶ 5. The letter said on the back, "paid for by the Law Enforcement for a Safer America PAC www.leogorasaferamerica.org and is not authorized by any candidate or candidate's committee. *Id*. Plaintiff then went to the website www.leogorasaferamerica.org and learned that the National Coalition for Police & Troopers is considered a "special program" of Defendant Law Enforcement for a Safer America PAC. *Id*. at ¶ 6.

After the initial call, Plaintiff continued to receive the same calls that played an artificial or prerecorded voice message on his cellular phone. *Id*. at ¶ 7. Plaintiff tried to opt out but there was no option to be able to. *Id*. at ¶ 8. Plaintiff continued to receive calls from various phone numbers using

prerecorded or artificial voices on Plaintiff's cellular telephone, including but not limited to the following twenty-five (25) phone calls:

| Call # | Date | Time | Phone Number |
|---|---|---|---|
| 1 | 10/4/2023 | 9:41 AM | (970) 713-2241 |
| 2 | 10/4/2023 | 2:47 PM | (760) 487-9279 |
| 3 | 10/4/2023 | 4:41 PM | (408) 594-8982 |
| 4 | 10/4/2023 | 1:39 PM | (805) 327-1361 |
| 5 | 10/4/2023 | 7:46 PM | (510) 479-5017 |
| 6 | 10/4/2023 | 7:37 PM | (510) 479-5017 |
| 7 | 10/4/2023 | 9:17 AM | (510) 479-5017 |
| 8 | 10/4/2023 | 11:33 AM | (510) 358-0798 |
| 9 | 10/8/2023 | 9:51 AM | (530) 656-4480 |
| 10 | 10/8/2023 | 9:14 AM | (830) 208-1251 |
| 11 | 10/8/2023 | 9:11 AM | (830) 208-1251 |
| 12 | 10/9/2023 | 2:29 PM | (530) 656-4395 |
| 13 | 10/9/2023 | 9:05 AM | (831) 469-8334 |
| 14 | 10/9/2023 | 9:35 AM | (831) 469-8334 |
| 15 | 10/9/2023 | 8:34 AM | (925) 725-5503 |
| 16 | 10/9/2023 | 8:33 AM | (925) 725-5503 |
| 17 | 10/10/2023 | 4:00 PM | (559) 466-9255 |
| 18 | 10/10/2023 | 12:38 PM | (321) 291-2965 |
| 19 | 10/10/2023 | 12:37 PM | (341) 207-5974 |
| 20 | 10/10/2023 | 12:31 PM | (341) 207-5974 |
| 21 | 10/10/2023 | 10:46 PM | (321) 291-2965 |
| 22 | 10/10/2023 | 8:33 AM | (707) 355-3225 |
| 23 | 10/11/2023 | 3:29 PM | (916) 354-5322 |
| 24 | 10/11/2023 | 12:48 PM | (408) 290-8040 |
| 25 | 10/11/2023 | 10:57 AM | (707) 207-8867 |

*Id*. at ¶ 7. After each of these calls, Plaintiff heard a prerecorded voice message soliciting donations for National Police & Troopers PAC. *Id*. at ¶ 8. Plaintiff kept track of the dates and times of these calls. *Id*. at ¶ 9.

Plaintiff never consented to receive telephone calls from Defendant. *Id*. at ¶ 10. Plaintiff had no relationship with Defendant and had never requested that Defendant contact Plaintiff in any manner. *Id*. at ¶ 11. The calls caused annoyance, wasted cell phone batter life and time to Plaintiff. *Id*. at ¶ 12.

On December 8, 2023, a process server served a copy of the complaint and summons upon Defendant via personal service on its registered agent. Dkt. 11. After 21 days passed since serving the summons and complaint, Defendant failed to plead or otherwise respond to this Court as required by Fed. R. Civ. P. 12. On February 23, 2024, the clerk entered default. Dkt. 12.

## III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for—and the court may grant—a default judgment against a defendant who has failed to plead or otherwise defend an action. *Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). After entry of default, well-pleaded allegations in the complaint regarding liability and entry of default are taken as true, except as to damages. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The court need not make detailed findings of fact. *Id*. Default judgment cannot differ in kind or exceed the amount demanded in the pleadings. Fed. R. Civ. P. 54(c).

"A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment," *Draper*, 792 F.2d at 924-25; that decision lies within the court's discretion, *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Default judgments generally are disfavored because "cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In deciding whether to enter a default judgment, the court considers: "(1) the possibility of prejudice to the plaintiff; (2) the merits of [the] plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id*. at 1471-72.

## IV. THE COURT SHOULD ENTER DEFAULT JUDGMENT

The Court should enter default judgment in Plaintiff's favor based on the well-pleaded allegations. Plaintiff has complied with the procedural prerequisites for entry of default judgment and each of the *Eitel* factors weighs in Plaintiff's favor. As such, and as explained further below, default judgment is warranted here.

### A. The Court Has Personal Jurisdiction Over Defendant and the Subject Matter of this Case

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Specific personal jurisdiction exists where: (1) the defendant purposefully availed itself, (2) the claim arises out of the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). The first prong is analyzed under the effects test which "is satisfied if (1) the defendant committed an intentional act; (2) the act was expressly aimed at the forum state; and (3) the act caused harm that the defendant knew was likely to be suffered in the forum state." *Love v. Associated Newspapers, Ltd*., 611 F.3d 601, 609 (9th Cir. 2010).

Courts routinely hold that it is fair to exercise personal jurisdiction over nonresident defendants who intentionally place TCPA violating phone calls into the forum. *See Drew v. Lexington Consumer Advocacy, LLC*, No. 16-cv-00200, 2016 U.S. Dist. LEXIS 52385, 2016 WL 1559717, at *6 (N.D. Cal. Apr. 18, 2016); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc*., No. C 08-4254 PJH, 2009 U.S. Dist. LEXIS 1616, 2009 WL 29905, at *2, 8-10 (N.D. Cal. Jan. 5, 2009); *Heidorn v. BDD Mktg. & Mfg. Co., LLC*, No. C-13-00229 JCS, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629, at *8 (N.D. Cal. Aug. 19, 2013).

|   |   |
|---|---|
| 1 | Here, Plaintiff has established that Defendant placed illegal calls into this district. Compl. ¶¶ 17- |
| 2 | 23. The calls were placed to Plaintiff on his cell phone number that has an Oakland, California area code. |
| 3 | *See* Ngo Decl. ¶ 13. Defendant was well-aware it was placing calls into California. |

Here, Plaintiff has established that Defendant placed illegal calls into this district. Compl. ¶¶ 17-23. The calls were placed to Plaintiff on his cell phone number that has an Oakland, California area code. *See* Ngo Decl. ¶ 13. Defendant was well-aware it was placing calls into California.

Further, federal district courts possess subject matter jurisdiction over claims that arise under the TCPA pursuant to 28 U.S.C. § 1331. *Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090, 1092 (N.D. Cal. 2015) ("This Court also has federal question jurisdiction over the action, which was brought under the federal TCPA, 47 U.S.C. § 227 et seq., pursuant to 28 U.S.C. § 1331."). Plaintiff alleges violations of the TCPA, a federal statute. Accordingly, this Court properly possesses subject matter jurisdiction over the TCPA claims asserted against Defendant. This establishes that the Court indeed has the prerequisite jurisdiction over both the subject matter and the parties.

**B.     Plaintiff Has Complied With the Procedural Requirements for Entry of Default Judgment against Defendant**

Prior to entering default judgment, a plaintiff must satisfy the procedural requirements imposed by Fed. R. Civ. P. 55. *PepsiCo*, 238 F.Supp.2d at 1175. Fed. R. Civ. P. 55(a) requires that the Court Clerk properly enter default against the defendant. *Id*. at 1175; Fed. R. Civ. P. 55(a). Here, the Clerk of Court properly entered default against Defendant on February 23, 2024. Dkt. 12. Accordingly, the procedural perquisites to default judgment are satisfied.

**C.     The *Eitel* Factors Weigh in Favor of Entering Default Judgment**

The decision to grant or deny a plaintiff's motion for default judgment is soundly within this Court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In assessing default judgment, the factual allegations in the complaint are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916-17 (9th Cir. 1987). When exercising discretion as to the entry of default judgment, the Ninth Circuit requires the Court to analyze the following *Eitel* Factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money

at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72. As explained below, each of these factors weighs in favor of granting this motion for default judgment.

### 1.   Plaintiff would suffer substantial prejudice absent a default judgment

The first *Eitel* factor examines whether Plaintiff would suffer prejudice absent entry of default judgment. *Eitel*, 782 F.2d at 1471-72. A court should find the possibility of prejudice when a plaintiff will suffer harm absent the default judgment and "would be left without recourse to recover for the harm." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1094 (N.D. Cal. 2014); *see also Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388 (C.D. Cal. 2005) ("Plaintiffs would suffer prejudice if the default judgment is not entered because Plaintiffs would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery."); *5960 Bonsall, LLC v. Lanix Exploration Inc.*, CASE NO. CV 15-03628 MMM (PJWx), 2015 WL 12696201, *5 (C.D. Cal. Oct. 15, 2015) ("Because defendants have not responded to plaintiff's complaint or properly appeared, plaintiffs may be left without recourse against defendants if default judgment were not entered in its favor.").

Here, absent an entry for default judgment, Plaintiff will face substantial prejudice. That is, Plaintiff would be left without any recourse for the actual damages that he has suffered, including wasted time, battery, and annoyance caused by the twenty-six (26) well-documented illegal robocalls. He would have no way to recover for the statutory damages he is entitled to under the TCPA. In short, the prospect of prejudice against Plaintiff weighs heavily in favor of granting Plaintiff's motion for default judgment.

### 2.   Default judgment is warranted here because the well-pleaded allegations of Plaintiff's Complaint establish that Defendants violated the TCPA.

The second and third *Eitel* factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. These factors argue in favor of default when plaintiff has

stated a claim for relief consistent with Fed. R. Civ. P. 8 pleading standards. *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp.2d 916, 920 (C.D. Cal. 2010).

The purpose of the TCPA is "to balance individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 523 (8th Cir. 2017) (internal citation omitted). 47 U.S.C. § 227(b)(1)(A)(iii) "prohibits any person from making 'any call (other than a call made . . . with the prior express consent of the called party) using an … artificial pre[-]recorded voice . . . to any phone number assigned to a . . . cellular telephone service.'" *Zean*, 858 F.3d at 523 (quoting 47 U.S.C. § 227(b)(1)(A)(iii)).

A claim under 47 U.S.C. § 227(b)(1)(A)(iii), requires a plaintiff to prove: "(1) that [the defendant] called [the plaintiff] using an … artificial or pre-recorded voice, (2) that the calls were placed to [the plaintiff's] cellular telephone, (3) that the calls were not made for 'emergency purposes,' and (4) that the calls were made without [the plaintiff's] prior express consent." *Adam v. CHW Grp., Inc.*, No. 21-CV-19-LRR, 2021 U.S. Dist. LEXIS 170620, 2021 WL 7285905 (N.D. Iowa Sept. 9, 2021).

Here, Plaintiff sufficiently alleges that Defendant violated the TCPA by placing unsolicited phone calls to his cell phone that play banned prerecorded voice messages. Compl. ¶¶ 17-23. Moreover, Plaintiff pleaded that he has no relationship with Defendant. *Id.* ¶ 24. Plaintiff further alleged that the calls were solicitations for Defendant's PAC. *Id.* ¶¶ 17-19. Together, the allegations establish a cause of action against Defendant for a violation of the TCPA.

### 3. The sum of money at stake is reasonable

The fourth *Eitel* factor, "the court must consider the amount of money at stake in the relation to the seriousness of the Defendant's conduct." *PepsiCo, Inc.* 238 F.Supp.2d at 1176. Plaintiff is required to prove all damages sought in the complaint. . . . In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing." *TeleVideo Sys., Inc.*, 826 F.2d at 917-18

(quoting Fed. R. Civ. P. 54(c)). A plaintiff's burden in "proving up" damages is lenient. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

Under the TCPA, the Court may award statutory damages of $500 per violation. See 47 U.S.C. § 227(b)(3). Here, Plaintiff seeks damages in the sum of $500 per violation. Plaintiff's well-pleaded allegations establish that Defendants violated the TCPA by placing 26 (twenty-six) unsolicited telephone calls with a prerecorded voice message. Plaintiff also supports his request with a declaration containing the time, date, and origin phone number of every call for which he seeks judgment. *See* Ngo Decl. ¶¶ 4-7. Plaintiff has never provided any consent to receive phone calls and does not have any relationship with Defendant. *Id*. at ¶¶ 10-11. Accordingly, the Court should award Plaintiff $500 per call times 26 (twenty-six) calls for a total of $13,000.

### 4. Defendant has failed to appear, as such, no dispute concerning material facts exists and the default was not the result of excusable neglect.

The fifth and sixth *Eitel* factors consider the potential of factual disputes and whether a defendant's failure to respond likely was due to excusable neglect. *Eitel*, 782 F.2d at 1471–72. When a defendant was properly served and refuses to appear, courts repeatedly find that no genuine dispute of material facts exists and that the default was not the result of excusable neglect. *Sec. & Exch. Comm'n v. Valentine*, No. 20-CV-04358-LB, 2021 WL 148361, at *3 (N.D. Cal. Jan. 15, 2021).

Here, Plaintiff properly served Defendant at its professional registered agent listed on the Secretary of State website. Dkt. 11. Defendant was properly served and refuses to appear, answer, or otherwise respond. As such, Defendant's refusal to appear and challenge the allegations leaves no possibility of a genuine issue of material fact to consider. Further, Defendant's failure to respond is not the product of excusable neglect. As such, the fifth and sixth *Eitel* factors weigh in favor of default.

**5.   Defendant's Refusal to Appear or Respond Renders a Decision on the Merits effectively Impossible**

Finally, the seventh *Eitel* factor requires the Court to consider the strong preference for deciding cases on the merits. *PepsiCo, Inc*., 238 F.Supp.2d at 1177. "However, the mere existence of Fed. R. Civ. P. 55(b) indicates that 'this preference, standing alone, is not dispositive.'" *Id*. (internal citation omitted). Moreover, courts repeated find that a defendant's refusal to appear "makes a decision on the merits impractical, if not impossible." *Id*.; *see also Sepulveda v. Buelna*, No. 20- CV-05258-TSH, 2021 WL 3411197, at *7 (N.D. Cal. July 17, 2021), report and recommendation adopted, No. 20-CV-05258-HSG, 2021 WL 3409294 (N.D. Cal. Aug. 4, 2021) ("Given that Defendants have made no effort to participate in the proceedings, a decision on the merits is impracticable.").

In this case, Defendant was timely served and failed to respond. Defendant's refusal to appear and respond renders a decision on the merits essentially impossible. Consequently, this factor also weighs in favor of default.

**V.   CONCLUSION**

Defendant had ample notice of this lawsuit and chose not to defend itself against the well-pleaded allegations. Therefore, Plaintiff respectfully requests that the Court enter default judgment in his favor and award such additional relief as it deems necessary, reasonable, and just.

Dated: March 22, 2024          Respectfully submitted

By:  /s/ Mark L. Javitch
Mark L. Javitch (SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705

*Attorneys for Plaintiff*
and those similarly situated

# CERTIFICATE OF SERVICE

I filed the foregoing document electronically with the United States District Court for the Northern District of California CM/ECF system.

I also mailed a copy of this motion via USPS Priority Mail to Defendant's registered agent and the address on the letter Plaintiff received:

Law Enforcement for a Safer America PAC
c/o C T Corporation System
1015 15th St. NW Ste 1000
Washington, D.C. 20005
USPS Priority Mail # 9205 5903 3320 0030 0053 0724 69

National Coalition for Police & Troopers PAC
1314 S. 1st St. #352
Milwaukee WI 53204
USPS Priority Mail # 9205 5903 3320 0030 0053 0728 03

By: /s/ Mark L. Javitch
Mark L. Javitch